

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00281-CV

**IN THE INTEREST OF Z.M.M.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-0370-CV-A
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: November 17, 2021

AFFIRMED

Appellant C.L.P. appeals the trial court's order terminating his parental rights to his child Z.M.M. (born 2020). Appellant's court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. Counsel identifies and analyzes two potential appellate issues but ultimately concludes no non-frivolous grounds can be advanced in support of reversal of the trial court's judgment. *See In re L.M.D.J.*, 04-20-00086-CV, 2020 WL 3815916, at *1 (Tex. App.—San Antonio July 8, 2020, pet. denied) (mem. op.). The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that he provided C.L.P. with a copy of the brief and the motion to withdraw and advised C.L.P. of his right to review the record and file his own brief. We

issued an order setting a deadline for C.L.P. to file a pro se brief and held counsel's motion to withdraw in abeyance. C.L.P. filed a pro se brief, and the State filed a waiver of its right to file a brief.

Once we determine that the procedural requirements of *Anders* have been satisfied, we engage in an independent review of the briefs and the record to determine whether: (1) we agree with counsel's conclusion that the appeal is wholly frivolous, in which case we issue an opinion stating there is no reversible error; or (2) we conclude that arguable grounds for appeal exist, in which case we remand the cause to the trial court. *See In re C.C.*, 04-19-00844-CV, 2020 WL 2139307, at *1 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.). After reviewing the appellate record, appointed counsel's *Anders* brief, and C.L.P.'s pro se brief, we conclude no plausible grounds exist for reversal of the termination order. Accordingly, we affirm the trial court's termination order.

We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See In re P.M.*, 520 S.W.3d at 27 & n.7 (holding that counsel's obligations in a parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by a court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)). If appellant desires to pursue this matter in the Texas Supreme Court, counsel may fulfill his duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28 & n.14; *see also In re M.D.C.*, 04-20-00606-CV, 2021 WL 2117915, at *1 (Tex. App.—San Antonio May 26, 2021, no pet.) (mem. op.).

Lori I. Valenzuela, Justice